IN RE WASHAKIE NEEDLES IRR. DIST.
PADLOCK RANCH, INC. v. WASHAKIE NEEDLES
IRR. DIST.

(No. 2031; February 23, 1938; 76 Pac. (2d) 624)

For the contestee and appellant, there was a brief by *C. W. Axtell* of Thermopolis and *E. J. Goppert* of Cody, and oral argument by *Mr. Goppert.*

For the respondent, there was a brief and oral argu-

ments by *Ponsford* and *Pender* of Denver, Colorado, and *William E. Mullen* of Cheyenne, Wyoming.

RINER, Justice.

As noted in case No. 2032, In the Matter of the Organization of Washakie Needles Irrigation District, The Padlock Ranch, Inc., a corporation, Objector, Contestant and Appellant, vs. Washakie Needles Irrigation District, Contestee and Respondent, this day decided, the district court adjudged that "the elimination of the lands covered by territorial water rights or which are not proposed to be furnished any supplemental water supply from said project, in no manner affects other lands within said district, for the reason that no por-

518

tion of the cost of said projects should be borne by the said lands so eliminated, and that no assessments for Benefits or Construction could have been approved against said lands and that they would have been eliminated from said district at the time of a hearing on the Report and Petition for the confirmation of Assessments for Benefits and Construction against the lands within said Irrigation District." This action was taken upon evidence substantially conflicting, as we see the record, and there was credible and substantial evidence to authorize the court's finding. We shall not review the evidence submitted, as it would hardly add to the usefulness of the opinion herein, but would only unnecessarily lengthen it. Each case of this character must necessarily be controlled by its own facts and circumstances, which seldom, if ever, are the same.

Under well established principles of appellate procedure we shall affirm that portion of the judgment appealed from in this case, as even if the Washakie District should be formed hereafter, with or without federal assistance, the respondent's lands excluded by the court should not form a part thereof.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.